IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN PALUCH,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-4765** |
| | : | |
| **WAKEFERN FOOD CORP.,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                **February 27, 2019**

Injured parties presumably wish to proceed to recovery through verdict or settlement in the most efficient manner possible. When a defendant removes the injured party's case against three allegedly responsible parties to this Court based on diversity of citizenship, the injured party must proceed towards resolution under our federal rules. But if the injured party discovers other parties, including those sharing his citizenship for diversity purposes, may be responsible for the alleged injuries, the injured party can either move to remand or move to dismiss the case and file against everyone in state court. We should not burden two courts with the same issues arising from the same incident when one court can resolve the entire dispute. The injured Plaintiffs today move to voluntarily dismiss this case and instead proceed in a pending case against all potentially responsible parties in state court. Two of three Defendants do not oppose dismissal. But the Defendant who removed this case wants to stay here or attach conditions on dismissal. A third-party Defendant also opposes dismissal due to duplicative costs. We disagree with the objecting Defendants. In the accompanying Order, we grant the injured parties' motion to voluntarily dismiss without conditions.

**I. Background**

Brian Paluch, a truck driver, suffered injuries when the rear door of a truck trailer closed on his left hand.[1] Mr. Paluch and his wife, Marguerite Paluch, sued Wakefern Food Corp. (the parent company of Shop Rite Supermarkets, Inc.), Americold Logistics, LLC, and Shop Rite for negligence in state court on May 8, 2018.[2] The parties, by stipulation, later dismissed Americold and Shop Rite without prejudice.[3] Mr. Paluch and his wife filed an amended complaint in which they alleged: products and premises liability claims against Wakefern; a products liability claim against the manufacturer of the trailer, Wabash National Corporation (Wabash); and a products liability claim against the manufacturer of the door, Whiting Door Manufacturing Corporation (Whiting).[4] Marguerite Paluch also seeks damages for loss of consortium.[5]

Wabash timely removed the matter to this Court due to diversity among the parties.[6] On November 19, 2018, Wakefern filed a third-party complaint against JED Trucking & Warehousing, Inc. (JED), and Northeast Fleet Services, Inc. (Northeast). Wakefern alleged JED employed Mr. Paluch at the time[7] and had a "contractual obligation to hold harmless and indemnify Wakefern as a third party beneficiary to [JED's] hauling agreement . . . with VersaCold Logistics, LLC d/b/a AmeriColdLogistics, LLC."[8] As to Northeast, Wakefern alleged the company contracted with Wakefern to provide "maintenance services to the Wakefern trailer fleet hauling Shop Rite marked refrigeration units,"[9] and as part of the agreement, Northeast agreed to indemnify Wakefern.[10]

Various parties asserted cross-claims. The parties' attempts to apportion—or altogether assign—responsibility to one another is understandable given the complex relationship of the parties. But the Defendants and Third-Party Defendants are not the only parties seeking to benefit from the fact so many different entities interfaced with the truck. Plaintiffs, armed with additional

2

information learned in discovery, claim additional entities are liable. Mr. and Mrs. Paluch now want to sue: Northeast, PV Transport, Inc. (PV Transport), and VersaCold Logistics, LLC d/b/a AmeriCold Logistics, LLC (Americold).[11] The Paluchs claim Northeast Fleet Services very recently produced records of maintenance performed on the trailer door before the incident,[12] Wakefern recently produced records indicating PV Transport "was the last entity to perform preventative maintenance on the trailer" before the incident,[13] and "deposition testimony revealed that AmeriCold employees were responsible for closing the trailer doors before being handed off to truck drivers."[14] The Paluchs allege Northeast and PV Transport are Pennsylvania citizens. It is undisputed adding them to this action destroys complete diversity depriving us of subject matter jurisdiction.[15]

On February 8, 2019, the Paluchs filed a second action in state court against Americold, Northeast, Wakefern, Wabash, and Whiting.[16] The Paluchs intend to amend the state court complaint to add PV Transport as a defendant since they only learned of PV Transport's involvement on February 11, 2019.[17]

## II. Analysis

Adding Northeast and PV Transport deprives us of subject matter jurisdiction. Mr. and Mrs. Paluch sued all parties in state court earlier this month upon learning the roles of additional defendants. They now seek to voluntarily dismiss this suit without prejudice under Federal Rule of Civil Procedure 41(a)(2) so they may proceed in the state court action they filed on February 8, 2019.[18] Wabash, who initially removed the case to this Court and thus caused everyone to incur fees here, now opposes dismissal without the Paluchs paying its fees and costs for litigation steps in this Court. The other Defendants, Wakefern and Whiting Door, do not oppose the Paluchs' voluntary dismissal. We grant the Paluchs' dismissal in the accompanying Order.

Federal Rule of Civil Procedure 41(a) allows a plaintiff to voluntarily dismiss an action either by court order or, in limited circumstances, without court order. Absent a court order, Rule 41(a)(1) requires a plaintiff file "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."[19] Failure to satisfy the criteria of Rule 41(a)(1), requires a plaintiff proceed under Rule 41(a)(2), which provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[20] Unless the court states otherwise, a dismissal by court order is without prejudice.[21]

Mr. and Mrs. Paluch may not independently dismiss this matter under Rule 41(a)(1) because multiple parties filed answers and they have not produced a stipulation of dismissal. Rather, the Paluchs seek voluntary dismissal without prejudice under Rule 41(a)(2), requiring our approval.

## A. We grant the Paluchs' voluntary dismissal under Rule 41(a)(2).

"The decision whether to grant a motion for voluntary dismissal under Rule 41 is within the district court's sound discretion."[22] Dismissal should be allowed unless it will cause substantial prejudice to the defendant.[23] To determine if substantial prejudice exists, we consider: "(1) whether the expense of a second litigation would be excessive and duplicative; (2) the effort and expense defendants have expended in preparing for the current trial; (3) the extent to which the case has progressed; (4) plaintiffs['] diligence in seeking dismissal; and (5) whether the dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose."[24]

These factors weigh in favor of granting the Paluchs' motion to dismiss. This case is still in its preliminary stages and discovery has been minimal.[25] Though some depositions may have been conducted, according to the Paluchs, they have not deposed a representative of the

4

Defendants.[26] Efforts and expenses Defendants expended in preparing for trial will not be wasted because the work done will be useful in the pending state court action.[27] Documents exchanged remain relevant. All parties have been active in bringing claims and crossclaims against each other. Our review of the Paluchs' now pending state court complaint confirms their claims against the Defendants are nearly identical to the claims in this Court.[28] The Defendants can rely heavily, if not completely, on the work already done in this Court. The additional time and effort which may be required with the inclusion of AmeriCold, Northeast, and PV Transport as Defendants is no different from when a plaintiff adds defendants in this or any other lawsuit.

The Paluchs appear to have been diligent in seeking dismissal as well. We could not expect them to include the additional defendants in their original complaint since the Paluchs only recently learned of their involvement. No opposing party alleged the Paluchs failed to conduct a reasonable pre-suit investigation where they would have discovered this information. Wakefern produced documents regarding PV Transport's involvement on February 11, 2019, and the Paluchs moved to voluntarily dismiss on the same day.[29] The Paluchs' request for dismissal does not appear to be designed to evade federal jurisdiction or frustrate the removal statute. Assuming they have a plausible claim against either Northeast or PV Transport, because they are both citizens of Pennsylvania, we lack subject matter jurisdiction.

No factor of our analysis suggests a Defendant will suffer substantial prejudice from the Paluchs dismissing this matter. We grant Mr. and Mrs. Paluchs' motion to voluntarily dismiss without prejudice.

### B. We deny attorney's fees and costs under Rule 41(a)(2).

Wabash asks we condition the voluntary dismissal on a payment of fees or costs, or some order affecting evidence in state court. We expect the parties will use the discovery in this Court

5

to resolve this case in state court. They continued their investigation and litigation when removed here and can now continue their efforts in the Paluchs' presently pending state court case. Admissions will be available for use. Documents are available. We expect Defendants will urge the state court to move as promptly as the court's schedule allows given the amount of work done to date.

Our Court of Appeals recently examined our ability to attach conditions to Rule 41(a)(2) dismissal orders.[30] District courts in this circuit have long relied on the language of Rule 41(a)(2)—"on terms that the court considers proper"—to consider the particular facts of the case and determine whether attaching conditions to voluntary dismissals, which may include reimbursement of costs and attorney's fees to defendants, is proper.[31] "The purpose of the terms and conditions clause of Rule 41(a)(2) is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal."[32] Courts attach costs and fees to voluntary dismissals *without prejudice* more often than *with prejudice* because "in the ordinary case, dismissal with prejudice protects a defendant from otherwise repetitive litigation, whereas dismissal without prejudice leaves a defendant at risk of re-litigating dismissed issues."[33] "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions."[34] By contrast, "[c]ourt costs, such as the filing fee, are modest and are a byproduct of the removal, an elective procedure for Defendants."[35]

In *Young v. Johnson & Johnson Corp.*,[36] approximately four months after removal to this Court, the husband and wife plaintiffs sought to voluntarily dismiss their case so they could join a consolidated litigation pending in a state court.[37] By the time the plaintiffs moved to dismiss, the defendants had served their answers and "engaged in some discovery."[38] The court granted the

6

plaintiffs' motion, finding the case remained in its preliminary stages, discovery had not been extensive, and the work done so far and evidence obtained could be used in the other proceeding.[39] For those same reasons, the court declined to entertain the defendants' request for cost reimbursement.[40]

While the parties properly engaged in robust discovery in this Court consistent with Fed.R.Civ.P. 1, this matter is still in its preliminary stages and adding new defendants may delay our trial date in any event. Because of the number of parties involved and the complexity of their legal relationships, the time and effort invested has been minimal relative to the procedural posture of this case. Like *Young*, the Paluchs seek voluntary dismissal approximately four months after being removed to this Court and having conducted some discovery. The work completed and evidence gathered will be useful in the pending state court proceeding. The Defendants will not suffer prejudice, if any, from this matter continuing in similar form in state court. Payment of costs and fees are not warranted.

## III. Conclusion

In the accompanying Order, we grant the Paluchs' motion for voluntary dismissal without prejudice under Rule 41(a)(2) and decline to award costs and fees to Defendants.

---

[1] ECF Doc. No. 1-5.

[2] ECF Doc. No. 52 at ¶ 1; *see* ECF Doc. 1-4.

[3] ECF Doc. No. 52 at ¶ 2.

[4] ECF Doc. No. 1-5.

[5] *Id.*

7

⁶ ECF Doc. No. 1.

⁷ A question of fact exists as to whether Brian Paluch is an employee of JED or of a subcontractor hired by JED. *See* ECF Doc. No. 51.

⁸ ECF Doc. No. 14 at ¶ 10.

⁹ *Id.* at ¶ 15.

¹⁰ *Id.* at ¶ 17.

¹¹ *See* ECF Doc. No. 52. The Paluchs do not allege whether VersaCold Logistics, LLC d/b/a AmeriCold Logistics, LLC, is the same legal entity as Americold Logistics, LLC, which they included as a defendant in their original complaint and later stipulated to dismiss without prejudice.

¹² ECF Doc. No. 52 at ¶ 8.

¹³ *Id.* at ¶ 10.

¹⁴ *Id.* at ¶ 13. Wakefern filed third-party claims against Northeast on November 19, 2018, which is why Northeast has participated in discovery. *See* ECF Doc. No. 14. We do not agree the Paluchs could have then sued Northeast in this Court. The Paluchs need to satisfy their Rule 11 obligations before suing Northeast.

¹⁵ ECF Doc. No. 52. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires "[c]omplete diversity," meaning "that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

¹⁶ ECF Doc. No. 52 at ¶ 14.

¹⁷ *Id.* at ¶ 15.

¹⁸ *Id.*

¹⁹ Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii); *see Carroll v. E One Inc*, 893 F.3d 139, 145–46 (3d Cir. 2018).

²⁰ Fed. R. Civ. P. 41(a)(2).

²¹ *Id.*

²² *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004).

²³ *See Cottingham v. Tutor Perini Bldg. Corp.*, No. 14-2793, 2016 WL 54916, at *2 (E.D. Pa. Jan. 5, 2016); *Young v. Johnson & Johnson Corp.*, No. 05-2393, 2005 WL 2886218, at *2 (E.D.

Pa. Nov. 2, 2005); *Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005).

[24] *Cottingham*, 2016 WL 54916, at *2.

[25] *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842–43 (3d Cir. 2014) (affirming denial of motion for voluntary dismissal because motion came seventeen months after litigation started and six months after the close of discovery); *Cottingham*, 2016 WL 54916 (denying motion for voluntary dismissal where case pending for nearly two years, eight depositions conducted, multiple rounds of written discovery answered and served, and over 23,000 pages of documents produced).

[26] ECF Doc. No. 52 at 13.

[27] *See Young*, 2005 WL 2886218, at *3–4 (granting motion to dismiss case where case in preliminary stages of discovery and the work completed and evidence obtained could be used in other proceeding).

[28] *Compare* ECF Doc. No. 52-3; *with* ECF Doc. No. 1-5.

[29] *See* ECF Doc. No. 52 at ¶ 10.

[30] *See Carroll*, 893 F.3d 139, 149 (3d Cir. 2018) ("[A]lthough attorneys' fees and costs should not typically be awarded in a Rule 41(a)(2) dismissal with prejudice, exceptional circumstances may sometimes warrant granting such an award. The facts of the instant case exemplify such exceptional circumstances: a litigant's failure to perform a meaningful pre-suit investigation, coupled with a litigant's repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system.").

[31] *See Bringa v. Roque*, No. 13-3296, 2015 WL 857884, at *7 (D.N.J. Feb. 27, 2015) ("[A] court has the discretion to condition a voluntary dismissal upon a plaintiff's payment of costs, including attorney's fees. But costs may be denied, for example, where motions filed in federal court may later be filed in state court. In my discretion, I find that an award of costs, including attorney's fees, is not appropriate. Court costs, such as the filing fee, are modest and are a byproduct of the removal, an elective procedure for Defendants. This action will not disappear, but will proceed in parallel fashion in state court." (internal citations omitted)); *Se. Pennsylvania Transp. Auth. v. Am. Universal Ins. Co.*, No. 87-0919, 1988 WL 21971, at *2 (E.D. Pa. Mar. 2, 1988) ("There is no question that Rule 41(a)(2) authorizes a court to award costs and attorney's fees as a condition of voluntary dismissal without prejudice."); *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24 (M.D. Pa. 1988) ("The imposition of costs is not always a prerequisite for a voluntary dismissal without prejudice, although it is often necessary for the protection of the defendant, and the decision whether or not to impose costs and attorney's fees upon the plaintiff is within the discretion of the court.").

[32] *Young*, No. 05-2393, 2005 WL 2886218, at *7 (E.D. Pa. Nov. 2, 2005) (citation, internal quotation marks, and alteration omitted).

³³ *Carroll*, 893 F.3d at 146. In *Carroll*, our Court of Appeals clarified we may attach attorney's fees and costs to voluntary dismissals with prejudice only when exceptional circumstances exist. *Id.* at 149. Our Court of Appeals found exceptional circumstances existed because of plaintiffs' counsel's failure to perform a meaningful pre-suit investigation and the litigant's practice of bringing similar meritless claims elsewhere then dismissing them with prejudice after inflicting substantial costs on the opposing party and tribunal. *Id.* We are not facing these exceptional circumstances today.

³⁴ *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 729 (8th Cir. 2014) (citation and internal quotation marks omitted).

³⁵ *Bringa*, No. 13-3296, 2015 WL 857884, at *7.

³⁶ No. 05-2393, 2005 WL 2886218 (E.D. Pa. Nov. 2, 2005).

³⁷ *Id.* at *1–2.

³⁸ *Id.* at *2.

³⁹ *Id.* at *3–6.

⁴⁰ *Id.* at *7.